UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELVIN BERNARD JOHNSON, | |
| Petitioner, | |
| v. | CIVIL ACTION NO. 1:25-CV-00020-JPB |
| WARDEN CALHOUN STATE PRISON, | |
| Respondent. | |

# ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation [Doc. 9]. This Court finds as follows:

## FACTS AND PROCEDURAL HISTORY

Kelvin Bernard Johnson ("Petitioner") filed this habeas corpus action against the Warden of the Calhoun State Prison ("Respondent") on December 27, 2024. [Doc. 1]. In the action, Petitioner challenges his 2011 convictions for kidnapping with bodily harm, aggravated assault and possession of a firearm during the commission of a crime. Id. at 1. Petitioner claims that he is entitled to federal habeas relief because (1) the trial court imposed a disproportionately harsh sentence by failing to consider his youth as a mitigating factor at sentencing; (2) his trial and appellate counsel were ineffective; and (3) he was arrested without

probable cause. Petitioner further asserts, among other things, that he is actually innocent.

On January 29, 2025, Respondent filed a Motion to Dismiss Petition as Untimely. [Doc. 7]. On February 19, 2025, United States Magistrate Judge Linda T. Walker issued a Final Report and Recommendation wherein she recommended granting Respondent's motion. [Doc. 9, p. 4]. The Magistrate Judge determined that the one-year statute of limitations for habeas actions began to run on November 26, 2013, and expired on October 24, 2018. In making this determination, the Magistrate Judge explained that Petitioner's state habeas litigation tolled the limitations period from November 17, 2014, until October 15, 2018. Ultimately, because Petitioner filed this action more than six years after the statute of limitations expired, the Magistrate Judge recommended granting the Motion to Dismiss as Untimely.

Petitioner filed objections to the Report and Recommendation on March 11, 2025. [Doc. 12]. This matter is now ripe for review.

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any

portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard.  Notably, a party objecting to a recommendation "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).  Placing this burden on the objecting party "'facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.'"  United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## DISCUSSION

As previously stated, Petitioner filed objections to the Report and Recommendation.  Petitioner contends that the Magistrate Judge failed to properly apply statutory and equitable tolling principles and the actual innocence exception.[1]

---

[1] Petitioner also asserts error because his response [Doc. 11] to the motion to dismiss was not received by the Court or considered by the Magistrate Judge despite being timely mailed.  The response has now been received and fully considered by the Court.  The Court notes that the response largely mirrors the objections to the Report and Recommendation.

1. Tolling

    a. Statutory Tolling

In his first objection, Petitioner claims that the Magistrate Judge failed to properly find that his state habeas litigation, which was pending from November 17, 2014, until October 15, 2018, tolled the limitations period in this case. According to Petitioner, the Magistrate Judge's "assertion that Petitioner had only nine days remaining to file his federal petition ignores the complexity of postconviction litigation, the continuing efforts to obtain relief, and the barriers that prevented immediate filing." [Doc. 12, p. 2]. Petitioner argues that requiring him to file his federal habeas petition "in a matter of days" ignores the "practical difficulties faced by incarcerated individuals." Id. at 3.

Review of the Report and Recommendation shows that the Magistrate Judge correctly determined that the statute of limitations was tolled for the entirety of the time in which the state court proceedings were pending. Indeed, the Magistrate Judge properly accounted for the time by tolling the limitations period from November 17, 2014, until October 15, 2018. To the extent Petitioner argues otherwise, the objection is **OVERRULED**.

### b. Equitable Tolling

In his second objection, Petitioner asserts that equitable tolling applies due to extraordinary circumstances. Specifically, Petitioner contends (1) that the State failed to disclose forensic inconsistencies and witness recantations in a timely manner; (2) that his counsel was ineffective; and (3) that he did not have access to legal resources.

The statute of limitations applicable to habeas petitions "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). As a general rule, a petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649.

As stated previously, Petitioner contends that he is entitled to equitable tolling because the State failed to disclose forensic and witness inconsistencies in a timely manner. Petitioner, however, never provides any details about these inconsistencies which would show that he is entitled to tolling. Importantly, "[a] petitioner has the burden of establishing his right . . . to equitable tolling[, a]nd the allegations supporting equitable tolling must be specific and not conclusory." Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012). Here, Petitioner has

failed to present any specific details or factual allegations to support his assertions of suppressed evidence, inconsistent evidence or witness recantations. He has also failed to present any dates. Given the lack of specificity, this Court cannot find that the failure to disclose either forensic inconsistencies or witness recantations is an extraordinary circumstance in this case. See Howard v. Ward, No. 5:22-CV-111 (MTT), 2022 WL 22782556, at *1 (M.D. Ga. Oct. 14, 2022) (holding that vague and conclusory assertions of prosecutorial misconduct cannot demonstrate an entitlement to equitable tolling).

Petitioner also argues that he is entitled to tolling because his counsel was ineffective. As an initial matter, the Court recognizes that extreme attorney misconduct amounting to abandonment can, in limited circumstances, entitle a petitioner to equitable tolling. Holland, 560 U.S. at 652–53. Here, however, Petitioner merely alleges ineffective assistance without explaining how the actions of his trial and appellate counsel were extraordinarily deficient or caused him to miss the filing deadline. See Helton v. Sec'y, Dep't of Corr., 259 F.3d 1310, 1314–15 (11th Cir. 2001) ("The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.") (citations omitted); see also Brown v. Shannon, 322 F.3d 772, 775 (3d Cir. 2003)

6

(finding that claims of ineffective assistance of counsel cannot "be said to be an 'extraordinary' circumstance warranting equitable tolling"). Without more specific evidence, Petitioner has failed to show that this is an extraordinary circumstance warranting equitable tolling.

Lastly, Petitioner argues that he is entitled to equitable tolling because he did not have access to legal materials. Again, Petitioner fails to provide any specifics. Moreover, these types of allegations are not extraordinary circumstances that would qualify him for equitable tolling. Miller v. Florida, 307 F. App'x 366, 368 (11th Cir. 2009) (holding that petitioner's close-management status in prison, which purportedly prevented him from accessing the prison library, consulting with prison law clerks and accessing legal assistance did not constitute extraordinary circumstances for purposes of equitable tolling); see also Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) ("[P]eriods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate.").

In any event, even if Petitioner did show that an extraordinary circumstance prevented him from timely filing this action, Petitioner cannot show that he diligently pursued his rights. In this case, Petitioner waited over six years to file this action after his state habeas corpus proceedings ended. Because Petitioner

waited over six years, this Court cannot find that Petitioner has diligently pursued his rights. To the extent Petitioner argues that equitable tolling applies, the objection is **OVERRULED**.

2. **Actual Innocence**

In his final objection, Petitioner argues that the Magistrate Judge erred by failing to properly consider the actual innocence exception. Essentially, Petitioner contends that the Magistrate Judge neglected to appreciate the cumulative effect of multiple witness recantations, discredited forensic evidence and post-trial witness statements.

As a general rule, an untimely habeas petition may be considered where a fundamental miscarriage of justice has occurred—that is, where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013); see Sawyer v. Whitley, 505 U.S. 333, 333 (1992) ("The miscarriage of justice exception applies where a petitioner is 'actually innocent' of the crime of which he was convicted."). Importantly, the miscarriage of justice exception is rare and should be applied only in the "extraordinary case." Schlup v. Delo, 513 U.S. 298, 321 (1995). To establish the miscarriage of justice exception, the petitioner must show constitutional error coupled with "new reliable evidence—whether it be exculpatory scientific

8

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 325. The new evidence must demonstrate "that it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt." Id. at 327. For purposes of the miscarriage of justice exception, "actual innocence" means factual innocence, not mere legal insufficiency. McKay v. United States, 657 F.3d 1190, 1197 (11th Cir. 2011).

This Court recognizes that Petitioner claims that this exception applies because witnesses recanted, forensic evidence was discredited and witness statements were obtained post-trial. Problematically for Petitioner, however, Petitioner makes only broad assertions and fails to provide any specifics regarding which witnesses recanted, what forensic evidence was discredited and the substance or any detail of the witness statements obtained post-trial. These bare assertions, without any further factual support, are insufficient to show factual innocence. Indeed, without more specifics, the Court cannot make a finding that no juror would have voted to convict him. Because the miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction," Petitioner's objection is **OVERRULED**. Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995).

## CONCLUSION

After reviewing the entirety of the Final Report and Recommendation and considering Petitioner's objections, the Final Report and Recommendation [Doc. 9] is **ADOPTED** as the order of this Court. For the reasons stated by the Magistrate Judge, Respondent's Motion to Dismiss as Untimely [Doc. 7] is **GRANTED**. This action is **HEREBY DISMISSED** as untimely pursuant to 28 U.S.C. § 2244(d) and a Certificate of Appealability is **DENIED**. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (discussing the standard for issuing a certificate of appealability when a court denies relief on procedural grounds). The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 7th day of April, 2025.

_____
J. P. BOULEE
United States District Judge